## APPEAL OF BELL & CO. AND HOLLINGS-SMITH CO.

Docket No. 5789.   Submitted February 15, 1926.   Decided April 16, 1926.

> The amount of the reduction in excess-profits tax liability for 1918, resulting from the computation of the tax under section 328 of the Revenue Act of 1918, is not a credit against the tax redetermined for 1918 after the deduction from the net income of a net loss sustained for the year 1919.

*F. W. McReynolds, Esq.*, for the taxpayers.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before SMITH, JAMES, LITTLETON, and TRUSSELL.

This appeal is from the determination of a deficiency in income and profits tax for the year 1918 of $18,391.50.

### FINDINGS OF FACT.

The taxpayers were affiliated corporations for the years 1918 and 1919 and were proprietary medicine manufacturers. They returned a net income for 1918 of $1,715.70, upon which no tax was assessed, since they were entitled to a credit of $2,000. Their true net income for 1918 was $74,776.78. They sustained a net loss for 1919 of $35,933.62. Tax liability for the year 1918 was determined by the Commissioner as follows:

#### NET INCOME.

Consolidated net income, Bureau letter dated Aug. 15, 1924:

| | |
|---|---:|
| Bell & Co | $24,049.99 |
| Hollings-Smith Co | 14,783.17 |
| Total | 38,833.16 |

#### TAX COMPUTATION.

| | | |
|---|---:|---:|
| Profits tax, section 328 | | 15,902.76 |
| Net income | $38,833.16 | |
| Less: | | |
| Profits tax | $15,902.76 | |
| Exemption | 2,000.00 | |
| | | 17,902.76 |
| Amount taxable at 12 per cent | | 20,930.40 |
| | | 2,511.65 |
| Correct tax liability | | 18,414.41 |

SMITH: The taxpayers assign as error on the part of the Commissioner, in determining a deficiency in income and profits tax for the year 1918, that he failed to give them the full benefit of both the special assessment and the net loss provisions of the taxing statute. They represent that they had a net income for 1918 of $74,766.78, upon which the tax due under section 302 of the taxing statute was $48,913.42, or 65.42 per cent of the total; that they applied for relief under section 328, and that the Commissioner found that comparative corporations paid only 40.95 per cent of their net income in profits taxes, and that their tax liability in accordance therewith was $30,617, or a reduction in tax liability of $18,296.42; that they sustained a net loss for 1919 of $35,935.62; that after the deduction of this net loss from the net income of 1918, as provided in section 204 of the statute, the taxable income for that year was $38,833.16, upon which the tax due under section 302 was $20,166.53; that against this tax liability they are entitled to a credit of the saving of $18,296.42, to which they became entitled as a result of giving them relief under section 328. In their brief the taxpayers summarize their contentions as follows:

If taxpayers had suffered no net loss in 1919, the profits tax for
    1918, under section 302, would be_____ $48,913.42
Under section 328 this tax would be reduced to 40.95% of $74,766.78
    (net income) _____ $30,617.00

    Effecting a saving (without reference to 1919) of_____ $18,296.42

The taxpayers should not lose the benefit of any of this saving because of their misfortunes in 1919. Therefore—

The profits tax under section 302 on the reduced taxable income for
    1918 (due to 1919 net loss) of $38,833.16 is_____ $20,166.53
Deduct the saving taxpayers are entitled to under 328_____ $18,296.42

    Amount of profits taxes correctly due for 1918 is_____ $1,870.11

It seems to us that the claim of the taxpayers is without merit. There is no provision of law by which the saving to which the taxpayers became entitled as a result of having their tax liability determined under section 328 may be applied as a credit against the tax redetermined for the year 1918, as the result of the deduction from the net income of 1918 of the net loss for 1919.

In the redetermination of the taxpayers' liability for 1918, the Commissioner has assumed that the taxpayers' true net income for 1918 was $38,833.16, and he has given them relief under section 328 upon the basis that their net income was that amount. We think

that this is the greatest measure of relief that can be afforded the taxpayers under the statute.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*